# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHAWN BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15CV968 ERW |
| ) | |
| BRITNEY COFFMAN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff, an inmate at Potosi Correctional Center, brings this action under 42 U.S.C. § 1983 for alleged excessive force and denial of medical treatment. After review under 28 U.S.C. § 1915(e), the Court finds that service should issue on the complaint but that plaintiff's claims against defendants in their official capacities must be dismissed.

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

### The Complaint

Plaintiff brings this action against defendants in their official and individual capacities. He alleges that on December 23, 2014, defendants Henson, Coffman, and Reed, all of whom are correctional officers, assaulted him while he was in handcuffs by pushing him into a wall and onto the ground. He further alleges that when he was placed in his cell, Reed pulled his arm

through the food port with the intention to break it. And, he says that on January 9, 2015, defendant Brouk sprayed him with pepper spray for no reason while he was in his cell. Plaintiff claims that both Coffman and Brouk filed false charges against him resulting in his placement in administrative segregation.

Plaintiff also claims that defendants did not allow him to receive medical care. He says that a week after he was placed in administrative segregation he saw the medical unit, and he claims that he had open lacerations on his legs and open cuts on his arm at that time.

## Discussion

Liberally construed, the complaint states a plausible claim for excessive force under the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 9 10 (1992) (The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.). The complaint also states a plausible claim for deliberate indifference to his medical needs. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (plaintiff must have suffered objectively serious need and defendants must have deliberately disregarded the need). Open lacerations after one week appear sufficient to qualify as an objective serious need, and plaintiff alleges that he told defendants he needed medical treatment but they refused his request.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against defendants in their official capacities.

2

For these reasons, the Court will direct the Clerk to issue process on defendants in their individual capacities.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to issue process on defendants in their individual capacities. Defendants are employees of the State of Missouri.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

So Ordered this 24th day of July, 2015.

*/s/ E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE